| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>Law Offices of Andy Winchell, P.C.<br>100 Connell Drive, Suite 2300<br>Berkeley Heights, New Jersey 07922<br>Telephone No. (973) 457-4710<br>andy@winchlaw.com<br>By: Andy Winchell [AW-6590]<br><br>Attorney for Plaintiff Diana Ershow | |
| Diana Ershow<br><br>         Plaintiff<br><br>v.<br><br>Leslie Kane & Morgan, Inc.<br><br>         Defendant | COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT SEEKING DAMAGES FOR**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE**
**TELEPHONE CONSUMER PROTECTION ACT**

## Introduction

### PRELIMINARY STATEMENT

1. This is an action brought by the Plaintiff Diana Ershow (hereinafter the "Plaintiff") seeking redress for the unlawful and deceptive practices committed by the Defendant, a debt collector, in connection with its efforts to collect a debt that had been discharged in Plaintiff's bankruptcy case. The Defendant's conduct includes attempting to collect a debt that had been discharged in bankruptcy. The Plaintiff seeks monetary,

declaratory and injunctive relief based on violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA").

## JURISDICTION

2.	Jurisdiction over this matter with respect to the FDCPA claims is provided pursuant to Section 1692 of Title 15 of the United States Code. Thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

3.	Venue lies in this District pursuant to 28 U.S.C. § 1391(b) of the United States Code because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district and because Defendant regularly transacts business within this federal district by attempting to collect debts from consumers who reside in this district.

4.	This case is brought within one year of the violations in compliance with the FDCPA statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

5.	The Plaintiff is an individual who lives in Madison, New Jersey.

6.	The Plaintiff is a "consumer" for the purposes of the Fair Debt Collection Practices Act.

7.	On information and belief the Defendant is a corporation with a principal place of business in Homewood, Illinois.

8.	For the purposes of the Fair Debt Collection Practices Act, the Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9. The Defendant is a debt collector and routinely uses instrumentalities of interstate commerce or the mail in a business with the principal purpose of collecting debts originally due to other parties.

10. The Defendant also regularly collects or attempts to collect debts due or asserted to be owed to other parties.

11. The Defendant's principal purpose is to collect debts.

12. The Defendant regularly collects debts owed to other parties.

## Factual Allegations

13. Because of a series of financial hardships, the Plaintiff filed a bankruptcy case under the United States Bankruptcy Code on November 7, 2016.

14. The automatic stay imposed by section 362(a) of the bankruptcy prohibited any attempts to collect any debts from the Plaintiff.

15. The Plaintiff listed a debt to Mid America Mastercard on the Plaintiff's bankruptcy schedules in an amount of $628.00 (the "Claim").

16. The Claim arises from a credit card account that the Plaintiff believes she ceased using or paying in April 2010.

17. The Claim was beyond the applicable statute of limitations.

18. The Plaintiff is informed and believes and thereupon alleges that the Defendant has access to and uses one or more bankruptcy information services such as Banko or AACER and therefore can determine at a minimal cost whether one of the Defendant's collection targets has filed a bankruptcy case.

19. The Plaintiff received a discharge on February 3, 2017.

20. The Claim was discharged as a result of the foregoing.

21. The Defendant appears to have obtained rights to the Claim after it was discharged.

22. The Plaintiff never reaffirmed any discharged debts pursuant to 11 U.S.C. § 524.

23. Such debts included the Claim to which the Defendant allegedly acquired rights (the "Debt").

24. Commencing on or about September 18, 2017, the Defendant attempted to collect the Debt.

25. Such collections efforts include one or more telephone calls made by automatic dialing technology to the Plaintiff's mobile telephone and to mobile telephones used by her friends, relatives, and/or neighbors.

26. Such telephone calls involved telephone messages being left for the Plaintiff without indicating that they were attempts to collect a debt or containing the other statements required by 15 U.S.C. § 1692g.

27. The Defendant also failed to send the Plaintiff a validation notice within thirty days of the initial communication as required by 15 U.S.C. § 1692g.

28. The Plaintiff never was in contractual privity with the Defendant and never consented to the Defendant contacting the Plaintiff through use of autodial technology to her mobile phones.

### FIRST CLAIM FOR RELIEF
**(Violation of the Fair Debt Collection Practices Act)**

29. The allegations in the preceding paragraphs are realleged and incorporated herein by this reference.

30. The foregoing acts and omissions by the Defendant constitute violations of the FDCPA.

31. The Defendant violated 15 U.S.C. § 1692g by failing to provide the warnings and validation notice required by 15 U.S.C. § 1692g.

32. As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Fair Debt Collection Practices Act)**

33. The allegations in the preceding paragraphs are realleged and incorporated herein by this reference.

34. The foregoing acts and omissions by the Defendant constitute violations of the FDCPA.

35. Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of an alleged debt.

36. As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

## THIRD CLAIM FOR RELIEF
### (Violation of the Fair Debt Collection Practices Act)

37.  The allegations in the preceding paragraphs are realleged and incorporated herein by this reference.

38.  The foregoing acts and omissions by the Defendant constitute willful violations of the FDCPA.

39.  The Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not permitted by law.

40.  As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

## FOURTH CLAIM FOR RELIEF
### (Violation of the Telephone Consumer Protection Act)

41.  The allegations in the preceding paragraphs are realleged and incorporated herein by this reference.

42.  The Defendant willfully violated the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

43.  Pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful for any person "to make any call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service...." The Defendant and/or the Defendant's agents willfully violated the Act by placing calls to the Plaintiff's cell phone number without permission to do so.

44. The actions and conduct of the Defendant and/or the Defendant's agents were and are in willful violation of 47 U.S.C. § 227 et seq. The Defendant is liable for damages in the amount of $500.00 for each violation, and because Defendant willfully and knowingly violated the FTCPA, such damages may be increased to an amount equal to not more than three times the amount awarded, plus legal fees and expenses.

**WHEREFORE,** the Plaintiff having set forth claims for relief against the Defendant respectfully prays of the Court as follows:

a. That the Plaintiff be awarded and recover actual, statutory and punitive damages in an amount to be determined by this Court;

b. That the Plaintiff have and recover reasonable legal fees in an amount to be determined by this Court;

c. That the Plaintiff recover all reasonable costs and expenses in this case in an amount to be determined by this Court;

d. That this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of orders entered in this case;

e. That the Plaintiff have such other and further relief as to the Court may seem just and proper.

Dated this the 11th day of January, 2018.

/s/ Andy Winchell
Law Offices of Andy Winchell
100 Connell Drive, Suite 2300
Berkeley Heights, New Jersey 07922
973-457-4710
andy@winchlaw.com
Attorney for the Plaintiff