# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANA ERSHOW,<br><br>Plaintiff,<br><br>v.<br><br>LESLIE KANE & MORGAN, INC.,<br><br>Defendant. | Civ. No. 2:18-00421<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

     Plaintiff Diana Ershow brings this action against Defendant Leslie Kane & Morgan, Inc., a debt collection agency, alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*. This matter comes before the Court on Plaintiff's attorney certification filed in response to the Court's call for dismissal. ECF No. 7. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's request is **GRANTED**.

     **I.    BACKGROUND**

     On June 8, 2018, the Court issued a notice of call for dismissal pursuant to Federal Rule of Civil Procedure 4(m) due to Plaintiff's failure to effect service of the summons and complaint within 90 days of the filing of the complaint. In response, Plaintiff's counsel certifies that Defendant appears to be evading service and requests that the Court ratify service of the summons and complaint that has already occurred. *See* Att'y Certification in Resp. to Call for Dismissal ("Att'y Cert.") ¶¶ 3, 12, ECF No. 7.

     In January 2018, Plaintiff attempted to personally serve Defendant at the Illinois address on file with the Illinois Secretary of State and as indicated by Google Maps on Defendant's website; however, the building directory did not list Defendant as a tenant and the process server was unable to locate Defendant after searching the entire premises of the building. *Id*. ¶ 5, Exs. A–C. Plaintiff next called Defendant, requesting a physical address, and the person who answered verified the correct address as a post office box in Homewood, Illinois. *Id*. ¶ 6. When Plaintiff pressed for a physical address, however, the person hung up. *Id*. Plaintiff certifies that she has mailed numerous pieces of correspondence to the post office box address, including a request to waive service with the summons and complaint, none of which have been returned as undeliverable. *Id*. ¶¶ 7–9. Additionally, Plaintiff emailed the request, summons and complaint to Defendant at the

1

email address posted on its website, which was also not returned as undeliverable. *Id*. ¶ 9. Plaintiff now moves for the Court's approval of alternative service pursuant to Rule 4(e)(1).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located *or* where service is made." Fed. R. Civ. P. 4(e)(1) (emphasis added).[1] "In other words, service upon a corporation may be made in accordance with the New Jersey Rules of Court relating to service of process" or, in this case, the Illinois rules relating to service. *See Signs by Tomorrow-USA, Inc. v. G.W. Engel Co., Inc.*, No. 05-cv-4353, 2006 WL 2224416, at *3 (D.N.J. Aug. 1, 2006).

In New Jersey, where personal service of a corporation located outside of the state is not possible, service by mail is permissible by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to . . . a corporation . . . that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its registered office." *See* N.J.S.A. 4:4–4(b)(1)(C). The plaintiff also must file an affidavit with the Court detailing the diligent efforts made to effect personal service. *See* N.J.S.A. 4:4–5(b). Importantly, "[m]ail may be addressed to a post office box in lieu of a street address only if the sender cannot by diligent effort determine the addressee's street address or if the post office does not make street-address delivery to the addressee." *See* N.J.S.A. 1:5–2; *see also* N.J.S.A. 4:4–4(b)(1)(C) ("Mail may be addressed to a post office box in lieu of a street address only as provided by R. 1:5–2.").

In Illinois, where personal service is not possible, service by publication is permissible. Within 10 days of the first publication of the notice, the clerk of court must also mail the notice to each defendant. *See* 735 ILCS 5/2–206(a); *see also* Ill. Comp. Stat. 5/2–204 ("A private corporation may also be notified by publication and mail in like manner and with like effect as individuals."). Plaintiff must also file an affidavit with the Court detailing the diligent efforts undertaken to effect personal service prior to publication. *See* Ill. Comp. Stat. 5/2–206(a).

## III.   DISCUSSION

The Court agrees with Plaintiff that it appears that Defendant is attempting to evade service. The Court is particularly convinced by Defendant's conduct in hanging up on Plaintiff when pressed to give a physical address where service could be sent. Plaintiff calls attention to a case from the Northern District of Illinois in support of the proposition that "Illinois law permits alternative service when a defendant appears to be evading service." *See* Att'y Cert. ¶ 11. In that case, however, the District Court approved service on the defendant's attorney where personal service proved impracticable. *See Fifth Third*

---

[1] The Court notes that Defendant is a corporation, not an individual. Service of corporations is governed by Rule 4(h), which states that service may be made "in the manner prescribed by Rule 4(e)(1) for serving an individual." *See* Fed. R. Civ. P. 4(h)(1)(A).

*Bank v. Malone*, No. 09-cv-6578, 2010 WL 183344, at *3–4 (N.D. Ill. Jan. 20, 2010). Here, Plaintiff asks for approval of service by mail to a post office box address, which is quite different. Rule 4 requires strict compliance and it clearly states that service is only permissible if it meets the rules of the state where the district court is located *or* where service is made. *See* Fed. R. Civ. P. 4(e)(1); *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) ("the plaintiff must comply with the directives of Rule 4").

Plaintiff fails to meet the Illinois rules of service because she has not met the publication requirements set forth in Rule 206(a). *See* 735 ILCS 5/2–206(a). Nevertheless, Plaintiff has met the requirements set forth in the New Jersey Rules of Court for service by mail to an out-of-state corporation, which permits mail addressed to a post office box where diligent effort to effect personal service has failed. *See* N.J.S.A. 1:5–2. The Court, therefore, **GRANTS** Plaintiff's request to ratify service by mail to Defendant's post office box address and Plaintiff may now move the Clerk of Court for entry of default pursuant to Rule 55(a).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's request to ratify service is **GRANTED**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 12, 2018**