# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DIANA ERSHOW,** | Civ. No.: 2:18-00421 |
| Plaintiff, | |
| v. | **OPINION** |
| **LESLIE KANE & MORGAN, INC.,** | |
| Defendant. | |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court on Plaintiff Diana Ershow's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 16. For the reasons that follow, Plaintiff's motion is **GRANTED**.

**I.   BBACKGROUND**

This case arises from Defendant Leslie Kane & Morgan, Inc.'s alleged efforts to collect a debt from Plaintiff, in violation of the Fair Debt Collection Practices Act (the "FDCPA"), using autodial technology in violation of the Telephone Consumer Protection Act (the "TCPA"). *See* Compl. ¶¶ 29-44, ECF No. 1. Specifically, Plaintiff alleges that on September 18, 2017, by way of telephone calls and messages, Defendant attempted to collect a debt owed to Mid America Mastercard that had been discharged in bankruptcy on February 3, 2017. *Id.* at ¶¶ 13-28; *see* Pl.'s Mot., Attach. 1.

On January 11, 2018, Plaintiff filed a complaint and summons. Plaintiff unsuccessfully attempted to personally serve Defendant at the Illinois address on file with the Illinois Secretary of State and indicated on Defendant's website. ECF 8 at 1. On June 8, 2018, the Court issued a notice of call for dismissal pursuant to Federal Rule of Civil Procedure 4(m) due to Plaintiff's failure to effect service of the summons and complaint within 90 days of the filing of the complaint. In response, Plaintiff's counsel certified that Defendant appeared to be evading service and requested that the Court ratify service of the summons and complaint that has already occurred. *See* Att'y Certification in Resp. to Call for Dismissal ("Att'y Cert.") ¶¶ 3, 12, ECF No. 7. On July 12, 2018, this Court granted Plaintiff's request to ratify service by mail to Defendant's post office box address, agreeing that it appeared that Defendant attempted to evade service. *See* ECF Nos. 8, 9. Pursuant to Federal Rule of Civil Procedure 55(a), on February 15, 2019, the Clerk of Court entered a default against Defendant for failure to plead or otherwise defend. On October 2, 2019, Plaintiff certified that she served a motion for default judgment upon Defendant via first class mail and email. ECF No. 16, Ex. A. On the same day, Plaintiff filed a motion for

default judgment. To date, Defendant has failed to answer or otherwise respond to the Complaint. Plaintiff seeks $1,000 in statutory damages for the violations of the FDCPA, $500 statutory damages for the violation of TCPA, and reimbursement of her attorneys' fees and costs in the amount of $11,646.22 for a total of $13,146.22. Pl.'s Mot. 2.

## II. DISCUSSION

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Although the facts plead in the Complaint are accepted as true, Plaintiff must prove damages. *See Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990).

In this case, the Court finds that the facts set forth in the Complaint, the motion, and the attached exhibits merit entry of a default judgment. The Complaint states a cause of action for violation of the FDCPA and the TCPA by alleging that that on September 18, 2017, by way of telephone calls and messages, Defendant attempted to collect a debt owed to Mid America Mastercard that had been discharged in bankruptcy on February 3, 2017. Further, the Court finds that there is no basis for Defendants to claim a meritorious defense, as Plaintiff provided evidence that Plaintiff filed Chapter 7 bankruptcy case number 16-31355 (SLM) on November 7, 2016 as a result of a series of financial hardships, that the $628 debt owed to Mid America Mastercard was discharged as a result of the bankruptcy matter, and that Defendant attempted to collect that discharged debt. *See* Pl.'s Mot., Attach. 1, 2. Moreover, it is clear that Plaintiff has been prejudiced by Defendants' failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Finally, where, as here, Defendants have failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

The Court further finds that Plaintiff has submitted sufficient evidence to support its request for damages pursuant to Federal Rule of Civil Procedure 55(b), and has submitted a reasonable request for attorneys' fees and costs in accordance with Local Civil Rules 54.1 and 54.2.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED**. An appropriate order follows.

**Dated: November 26, 2019**

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**